WILLIAM HOPE DAVIS,

      Plaintiff,

      v.

CORRECTIONS CORPORATION
OF AMERICA; COFFEE
CORRECTIONAL FACILITY;
BARRY GOODRICH; PEGGY
ANN COOPER; JOHN or JANE
DOE; COFFEE MAILROOM STAFF;
GEORGIA DEPARTMENT OF
CORRECTIONS; BRIAN OWENS;
RICKY MYRICK; and SHEVONDAH
FIELDS,

      Defendants.

CIVIL ACTION NO.: CV512-027

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Coffee Correctional Facility in Nicholls, Georgia, filed an action filed pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 52 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the

complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff asserts that he needed to file a notice of appeal and a certificate of probable cause to appeal after his state habeas petition was dismissed as being untimely and a successive petition. According to Plaintiff, it would have cost $2.76 to mail these pleadings, but the indigent postage amount allowed for legal mailings is only $2.20 (the equivalent of approximately five (5) first class postage stamps). Thus, Plaintiff alleges, he was not allowed to file these pleadings, which denied him access to the courts. Plaintiff states that he filed an informal and a formal grievance concerning his situation, and both of these grievances were denied at all levels. Plaintiff contends that Case Manager Pearson and Defendants Goodrich, Cooper, and Fields denied his grievances. Plaintiff also contends that Defendant Cooper and the mailroom staff are responsible for inmates' access to the courts, indigent legal supplies, and indigent

postage loans. Plaintiff names as Defendants: Corrections Corporation of America; Coffee Correctional Facilty; Warden Barry Goodrich; Assistant Warden Peggy Cooper; Jane or John Doe, Coffee Mailroom staff; Georgia Department of Corrections; Commissioner Brian Owens; Ricky Myrick, Director of Investigations and Compliance; and Shevonda Fields, Manager, Inmate Affairs and Appeals. Plaintiff seeks relief against the individually named Defendants in both their individual and official capacities.

Plaintiff's claims against the Georgia Department of Corrections and Coffee Correctional Facility should be dismissed. While local governments qualify as "persons" to whom section 1983 applies, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 (1978); Parker v. Williams, 862 F.2d 1471, 1477 (11th Cir. 1989), state agencies and penal institutions are not generally considered legal entities subject to suit. See Grech v. Clayton County, Ga., 335 F.3d 1326, 1343 (11th Cir. 2003).

In addition, Plaintiff's claims for monetary damages against the individually named Defendants in their official capacities should be dismissed. A lawsuit against officials in their official capacities is no different from a suit against the government itself; such defendants are immune. Smith v. Fla. Dep't of Corr., 318 F. App'x 726, 728 (11th Cir. 2008) (citing Powell v. Barrett, 496 F.3d 1288, 1308 & n.27 (11th Cir. 2007)).

Moreover, the denial of grievances is an insufficient basis for liability in § 1983 causes of action. See Asad v. Crosby, 158 F. App'x 166, 170–72 (11th Cir. 2005) (affirming the district court's dismissal of the plaintiffs claims that two defendants holding supervisory positions based, in part, on the plaintiffs assertion that these defendants should be liable based on the denial of administrative relief). Accordingly, any claims

AO 72A
(Rev. 8/82)

for relief which Plaintiff asserts against Defendants Goodrich, Cooper, and Fields based on the denial of grievances should be dismissed.

Private contractors who run prisons act under color of state law for purposes of § 1983. See Farrow v. West, 320 F.3d 1235 (11th Cir. 2003). However, in section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor and Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. It appears that Plaintiff attempts to hold Defendants Goodrich, Owens, and Myrick liable based solely on their supervisory positions at Coffee Correctional Facility or with the Georgia Department of Corrections. However, Plaintiff makes no allegations against Defendants Goodrich, Owens, or Myrick which rise to the level of personal liability. Accordingly, Plaintiff's claims against Defendants Goodrich, Owens, and Myrick should be dismissed. In contrast, Congress did not intend to create liability under § 1983 unless action pursuant to an official policy or custom caused a constitutional tort. Id. at 691. For this reason, Plaintiff arguably states a claim for relief against the Corrections Corporation of America.

The Supreme Court, in Bounds v. Smith, 430 U.S. 817, 824-25 (1977), determined that "it is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and stamps to mail them." "This however does not entitle inmates to unlimited free postage." Shabazz v. Barrow, No. 7:05-cv-46, 2007 WL 121139, at *2 (M.D. Ga. Jan. 11, 2007) (citing Hoppins v. Wallace, 751 F.2d 1161, 1161-62 (11th Cir.

AO 72A
(Rev. 8/82)

1985), for the propositions that the rights of inmates must be balanced with budgetary constraints and that Bounds does not require states to pay the postage on every item of legal mail each and every prisoner wishes to send).

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002)). In order to pass constitutional muster, the access allowed must be more than a mere formality. Bounds v. Smith, 430 U.S. 817, 822 (1977); Chappell, 340 F.3d at 1282. The access must be "adequate, effective, and meaningful." Bounds, 730 U.S. at 822. For an inmate to state a claim that he was denied access to the courts, he must establish that he suffered "actual injury" by showing that the defendant's actions hindered his ability to pursue a nonfrivolous claim. Christopher, 536 U.S. at 415; Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 797 (11th Cir. 2003). The pursuit of claims which are protected are those in which a plaintiff is attacking his sentence, directly or collaterally, or challenging the conditions of his confinement. See Lewis v. Casey, 518 U.S. 343 (1996). Stated another way, the "only specific types of legal claims [which] are protected by this right [are] the nonfrivolous prosecution of either a direct appeal of a conviction, a habeas petition, or a civil rights suit." Hyland v. Parker, 163 F. App'x 793, 798 (11th Cir. 2006) (citing Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998)).

These allegations, when read in a light most favorable to the Plaintiff, arguably state colorable claims for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A based on Plaintiff allegedly being denied access to the courts by Defendants Corrections

Corporation of America, Cooper, and John or Jane Doe. A copy of Plaintiff's Complaint and a copy of this Order shall be served upon Defendant Cooper and the registered agent for service for Corrections Corporation of America by the United States Marshal without prepayment of cost. If any Defendant elects to file a Waiver of Reply, then he or she must file either a dispositive motion or an answer to the complaint within thirty (30) days of the filing of said Waiver of Reply. Plaintiff is advised that he shall inform the Court of the names of Defendant John or Jane Doe within thirty (30) days of this Order so that he or she may be served with his Complaint. Plaintiff's failure to do so may result in the dismissal of Defendant John or Jane Doe from his cause of action.

## INSTRUCTIONS TO DEFENDANTS

Since the Plaintiff is authorized to proceed in forma pauperis, service must be made by the United States Marshal. FED. R. CIV. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendants by first-class mail and request that the Defendants waive formal service of summons. FED. R. CIV. P. 4(d); Local Rule 4.5. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. FED. R. CIV. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. FED. R. CIV. P. 4(d)(3).

IT IS FURTHER ORDERED that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. FED. R. CIV. P. 30(a). The Defendants shall ensure that the Plaintiff's deposition and any other depositions in the

case are taken <u>within the 140-day discovery period</u> allowed by this court's local rules. Local Rule 26.1(d)(i).

In the event Defendants take the deposition of any other person, they are ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As the Plaintiff will likely not be in attendance for such a deposition, the Defendants shall notify Plaintiff of the deposition and advise him that he may serve on the Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. The Defendants shall present such questions to the witness seriatim during the deposition. FED. R. CIV. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or counsel. FED. R. CIV. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." FED. R. CIV. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a caption or a certificate of service will be disregarded by the court and returned to the sender.

AO 72A
(Rev. 8/82)

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally FED. R. CIV. P. 26, et seq. Plaintiff does not need the permission of the court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 140 days after the filing of the answer. Local Rule 26.1(d)(I).

Interrogatories are a practical method of discovery for incarcerated persons. See FED. R. CIV. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as Defendants. Interrogatories shall not be filed with the court. Local Rule 26.4. Interrogatories are not to contain more than twenty-five (25) questions. FED. R. CIV. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for the Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. FED. R. CIV. P. 26(c); 37(a)(2); Local Rule 26.5. Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

AO 72A
(Rev. 8/82)

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. FED. R. CIV. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by the Defendants. Upon no less than five (5) days notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendants' motion.

Your response to a motion for summary judgment must be filed within twenty one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to

AO 72A
(Rev. 8/82)

such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should the Defendants file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the Defendants' statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, the consequences are these: any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

SO ORDERED and REPORTED and RECOMMENDED, this ___8th___ day of May, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)