IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 JAN 17 A 11: 25

CLERK C. Robinson
SO. DIST. OF GA.

WILLIAM HOPE DAVIS,

Plaintiff,

v.  :  CIVIL ACTION NO.: CV512-027

CORRECTIONS CORPORATION
OF AMERICA; PEGGY ANN COOPER;
and KATRENA REED,

Defendants.

## ORDER

Plaintiff, who is currently housed at Coffee Correctional Facility in Nicholls, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. Defendants filed a Motion for Summary Judgment, and Plaintiff filed a Response. For the reasons which follow, Defendants' Motion is **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that he needed to file a notice of appeal and a certificate of probable cause to appeal after his state habeas petition was dismissed as being untimely and a successive petition. According to Plaintiff, it would have cost $2.76 to mail these pleadings, but the indigent postage amount allowed for legal mailings is only $2.20 (the equivalent of approximately five (5) first class postage stamps). Thus, Plaintiff alleges, he was not allowed to file these pleadings, which denied him access to the courts. Plaintiff also contends that Defendant Cooper, Defendant Reed, and the

mailroom staff are responsible for inmates' access to the courts, indigent legal supplies, and indigent postage loans. Plaintiff further contends that Corrections Corporation of America is liable for his denial of access to the courts by virtue of a policy this corporation has in place.

Defendants contend that Plaintiff suffered no actual injury as a result of their actions or inaction and that they are entitled to summary judgment as a matter of law.

## **STANDARD OF REVIEW**

Summary judgment "shall" be granted if "the movant[s] show[ ] that there is no genuine dispute as to any material fact and that the movant[s are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp.2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)), and (Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving parties bear the burden of establishing that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant[s are] entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the

AO 72A
(Rev. 8/82)

moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322-23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Co., Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION AND CITATION TO AUTHORITY

Defendants contend that Plaintiff filed a state court habeas corpus petition in the Ware County Superior Court, and that court denied Plaintiff's petition on August 16, 2011. Defendants also contend that Plaintiff had until September 15, 2011, to file a timely application for certificate of probable cause to appeal this denial with the Georgia Supreme Court. Defendants assert that prison records reveal that Plaintiff did not fully utilize his indigent postage allotment between these two (2) dates, as he mailed only one (1) item during this period. Defendants allege that Plaintiff later mailed his certificate of probable cause with the Georgia Supreme Court, which remains pending. Defendants assert that their actions did not deny Plaintiff access to the courts. Rather, Defendants assert, the question is whether Plaintiff was denied habeas corpus relief on appeal for "the sole reason that Defendants prevented" the timely mailing of his appellate materials "rather than that appeal has been or will be denied on the merits." (Doc. No. 24, p. 6).

Plaintiff asserts that Defendants' Motion should be denied. Plaintiff contends that Defendants' Motion is premature, as his application for certificate of probable cause to

AO 72A
(Rev. 8/82)

appeal is still pending in the Georgia Supreme Court. Plaintiff avers that the pendency of his appeal in the Georgia Supreme Court refutes Defendants' claim that this appeal is frivolous.

The Supreme Court, in Bounds v. Smith, 430 U.S. 817, 824-25 (1977), determined that "it is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notorial services to authenticate them, and stamps to mail them." "This however does not entitle inmates to unlimited free postage." Shabazz v. Barrow, No. 7:05-cv-46, 2007 WL 121139, at *2 (M.D. Ga. Jan. 11, 2007) (citing Hoppins v. Wallace, 751 F.2d 1161, 1161-62 (11th Cir. 1985), for the propositions that the rights of inmates must be balanced with budgetary constraints and that Bounds does not require states to pay the postage on every item of legal mail each and every prisoner wishes to send).

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002)). In order to pass constitutional muster, the access allowed must be more than a mere formality. Bounds v. Smith, 430 U.S. 817, 822 (1977); Chappell, 340 F.3d at 1282. The access must be "adequate, effective, and meaningful." Bounds, 730 U.S. at 822. For an inmate to state a claim that he was denied access to the courts, he must establish that he suffered "actual injury" by showing that the defendant's actions hindered his ability to pursue a nonfrivolous claim. Christopher, 536 U.S. at 415; Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 797 (11th Cir. 2003). The pursuit of claims which are protected

AO 72A
(Rev. 8/82)

are those in which a plaintiff is attacking his sentence, directly or collaterally, or challenging the conditions of his confinement. See Lewis v. Casey, 518 U.S. 343 (1996). Stated another way, the "only specific types of legal claims [which] are protected by this right [are] the nonfrivolous prosecution of either a direct appeal of a conviction, a habeas petition, or a civil rights suit." Hyland v. Parker, 163 F. App'x 793, 798 (11th Cir. 2006) (citing Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998)). There is no issue of material fact when the non-moving party has failed to prove the existence of an element essential to his case. Regions Bank v. Provident Bank, Inc., 345 F.3d 1267, 1279 (11th Cir. 2003). "Actual injury" is an essential element to a claim asserting the denial of access to the courts. See Christopher, 536 U.S. at 415.

At this point, the Georgia Supreme Court has not summarily rejected Plaintiff's appeal as being untimely filed in that court, but that does not mean that the court will not do so.[1] The Georgia Supreme Court may determine at a later date that Plaintiff's appeal of the Ware County Superior Court's was timely filed. In that event, Plaintiff will have suffered no actual injury due to the alleged action or inaction of Defendants. The Georgia Supreme Court, however, has made no determination regarding the timeliness of Plaintiff's application for certificate of probable cause. It cannot be determined at this time whether Plaintiff suffered any actual injury in his pursuit of a non-frivolous appeal, which is an essential element of an access to the courts claim. Plaintiff's Complaint is premature. Defendants' Motion for Summary Judgment is **GRANTED**. Plaintiff's complaint is **DISMISSED** without prejudice. Should the Georgia Supreme Court reject Plaintiff's filing because it was untimely filed, Plaintiff may file another complaint with

---

[1] www.gasupreme.us/docket_search/results_one_record.php?caseNumber=S12H2071.

this Court and allege that his access to the courts was hindered due to prison personnel's actions or inaction.

The Clerk is authorized and directed to enter the appropriate Judgment of dismissal.

**SO ORDERED**, this 17th day of January, 2013.

                                        JAMES E. GRAHAM
                                        UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)